Paul P. McLain, appellant,

*v.*

Lizzie C. McLain, respondent.

[Decided June 14th, 1920.]

On appeal from a decree of the court of chancery advised by Advisory Master Joline, who filed the following opinion:

"The desertion in this cause is claimed on the ground of the refusal by the wife to allow the husband to have sexual intercourse with her for nine years last past, or nine years before the filing of the petition. The husband must prove her refusal and corroborate it. The mere fact that they didn't have sexual intercourse doesn't prove any refusal upon her part. He has sworn to the fact that he hasn't had sexual intercourse with her for nine years. He has attempted to corroborate it by evidence of the daughter Irene, by evidence of Mrs. Phillips and by evidence of the defendant herself. Under such circumstances, I think very slight evidence is necessary to corroborate a thing of this sort, and it might be that the evidence of the daughter Irene is a sufficient corroboration of the fact that there has been no sexual intercourse; but it certainly doesn't corroborate the fact that the wife refused to let him have sexual intercourse or that she abstained from letting him have sexual intercourse for good rea-

sons. An attempt has been made on the part of the petitioner to corroborate this by a witness by the name of Phillips. Her testimony was that the wife had stated these facts to her about four or five years ago. That might prove it up until four or five years ago, but it doesn't prove that she hasn't had sexual intercourse with him from that time down to the present time, therefore, it is not sufficient corroboration.

"The case of *Garrett* v. *Garrett,* decided by the chancellor and found in *86 N. J. Eq. 293,* holds that a confession of the party against whom a charge has been made, or the testimony of a witness to whom that confession was made, is not legal evidence, and it must be corroborated by some evidence of the fact itself and not by evidence of the admission itself. Therefore, that is not a sufficient corroboration.

"The petitioner then called the defendant upon the stand, and she has admitted that she has not had sexual intercourse with her husband for nine years. *Garrett* v. *Garrett,* being the law of the land, that admission on her part is not a sufficient corroboration; therefore, the only corroboration in this case of the husband is the testimony of Irene, the daughter, to the fact that she has slept with her mother for nine years last past; that the father slept in another room; that he came into the mother's room only to get a towel or wash cloth, and that the mother went into the father's room for the purpose of hanging up his clothes. I understand that Irene was absent, working during the day, and there might have been sexual intercourse during that time.

"I understand it that there must be a refusal on the part of the wife to let her husband have sexual intercourse with her and the husband must not only prove it, but he must corroborate it. This wife has testified that she never refused him. She has said that he didn't have sexual intercourse with her and she testified that he stated to her that he wouldn't have anything to do with her except as a matter of business; that he had made other remarks, the exact wording of which I can't recall at the present time, which, to my mind, show that the husband, if the wife tells the truth, refused to have sexual intercourse with the wife, I may say that I believe her.

"I don't understand that the wife must go to the husband and beg him to have sexual intercourse with her; that isn't necessary. If the husband wishes to have sexual intercourse with the wife, he should approach her, and while he has said he did do this, she has stated that he did not, but that he refused absolutely to do it. The burden of proof being upon him, and he being required to corroborate it, I don't think he has done so, and for that reason I will advise a decree refusing the divorce.

"Since the hearing in this case, the solicitor of the petitioner made a motion for a rehearing on the ground of after-discovered evidence. The motion was heard in my office on the 28th day of September, 1918. He then admitted that he had no further testimony to offer. He then made a motion that I should advise a decree without prejudice to the petitioner. I cannot see any reason why I should do this. Were I to advise such a decree, the defendant would be placed in a state of uncertainty as to her status, which I think she should not be subjected to."

*Messrs. Harris & Harris,* for the appellant.

*Mr. Elmer G. Van Name,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Joline.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.